IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HENRY SCHIPPER,** Individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:07-CV-1281-L** |
| **TXU CORP., et al.**, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a proposed settlement of this class action. To determine whether a class settlement is fair, reasonable, and adequate, a court considers the following factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense and likely duration of the litigation; (iii) the stage of the proceedings and the amount of discovery completed; (iv) the probability of plaintiffs' success on the merits; (iv) the range of possible recovery; and (vi) the opinions of the class counsel, class representatives, and absent class members. *Ayers v. Thompson*, 358 F.3d 356, 369 (5th Cir. 2004) (citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). Apart from these six considerations, to properly discharge its duty under Rule 23 of the Federal Rules of Civil Procedure, a district court may not "cursorily approve the attorney's fees provision of a class settlement or delegate that duty to the parties." *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998). After careful consideration of each of these factors, the court determines that the Federal Settlement[1] is fair, reasonable, adequate, and in the best interests

---

[1]Unless otherwise indicated, all capitalized terms retain the meanings assigned by the parties in the Settlement Agreement, dated January 7, 2008 ("Settlement Agreement").

**Memorandum Opinion and Order- Page 1**

of the Settlement Class, except for the amount of attorney's fees agreed to by the parties and awarded by the state court.

The court finds the issue of attorney's fees troubling. As the parties are aware, there are three state causes of action (*Gary and Lon Grady, Derivatively on Behalf of TXU Corp. v. C. John Wilder, et al.*, No. 07-1779; *Catholic Medical Mission Board, Derivatively on Behalf of TXU Corp. v. C. John Wilder, et al.*, No. 07-1842; and *Walter and Rita Goldman, Derivatively on Behalf of TXU Corp. v. C. John Wilder*, et al., No. 07-2482) and four federal causes of action (*Staehr v. Wilder, et al.*, Civil No. 07-0432; *Cohen v. Echols, et al.*, Civil No. 07-0422; *Gottdiener v. Echols, et al.*, Civil No. 07-406; and *Schipper v. TXU Corp.*, et al., Civil No. 07-1281) related to the TXU merger. The Settlement Agreement stated: "No application for an award of attorney's fees or reimbursement of expenses shall be made in any court other than the State Court." Settlement Agreement ¶ 6.3. This provision could reasonably be construed to mean that Plaintiffs are not seeking any fees related to the federal litigation. This conclusion results from the plain language of the quoted passage and from general knowledge that compromises and concessions are often made when parties reach a settlement. Only after pointed questions at the hearing was the court fully apprised that Plaintiffs' counsel was seeking attorney's fees through the state court actions for services rendered in the four federal cases. In subsequent letter briefing, the court learned that twenty percent of Plaintiffs' counsel's time was devoted to the federal litigation; however, the court's review of the attorney's fees has been thwarted.

The court is concerned that the issue of attorney's fees was not presented with the requisite candor that the court expects of attorneys practicing before it. The court believes that it has been extricated from a substantive component of the approval process. In approving a class action, a

court must conduct a meaningful review to determine if the settlement is fair, reasonable, and adequate. A court's role is not to rubber-stamp the actions of the litigants or those of another court. If steps are injected into the process that preclude a court from conducting an independent analysis of the proposed settlement, the process becomes nothing more than a legal charade. A party cannot cherry-pick the items that it wants the court to review and then assert that the settlement is fair, reasonable, and adequate.

Plaintiffs' counsel argues that this type of arrangement regarding approval of attorney's fees is permissible. As support, counsel relies on several cases alleged to be similarly situated to the present case. Two of the cases upon which counsel relies, however, did not involve federal litigation. They involved parallel litigation in state courts. Two of the remaining cases upon which counsel relies did involve federal litigation – in the Western District of New York and the Eastern District of New York. The court was unable to locate these New York cases to review them independently, and therefore does not have before it the full circumstances surrounding the cases. In any event, district court cases in New York are not binding on a district court in Texas. With respect to the last case upon which counsel relies, the court is aware that it was filed in a Delaware state court, but has no further information regarding it.

Plaintiffs' counsel cites *Webb v. Board of Education*[2] for the proposition that fees for work done in one forum may be awarded by another forum, provided that such work contributes to the outcome obtained in the awarding forum. The court finds Plaintiffs' counsel's reliance on *Webb* misplaced. In *Webb*, the Supreme Court stated that a district court could award fees for time expended in connection with optional state administrative proceedings if such work "was both useful

---

[2]471 U.S. 234 (1985).

**Memorandum Opinion and Order- Page 3**

and of a type ordinarily necessary to advance the [] litigation to the stage it reached before settlement." *Id.* at 243. *Webb* is distinguishable from this case. In *Webb*, after state administrative proceedings concluded, the plaintiff instituted federal litigation. The only litigation at issue, therefore, was in federal court. Here, there were active cases in both state and federal court. Further, in *Webb*, the court charged with the task of determining whether the services were compensable *actually reviewed* the matter of attorney's fees. It was not precluded from reviewing a matter that it was statutorily or constitutionally obligated to review, as the parties attempt to do in this case.

Moreover, the court knows of no jurisdictional basis – statutory or constitutional – for a state court to adjudicate matters pending in a federal court. The four federal actions were not originally filed in state court as state actions, removed to federal court, and ultimately remanded to state court. Likewise, this court would have no jurisdiction to issue an order regarding a case in state court, except in extremely limited circumstances, which are not present here.

There is no "common fund" in this case, and the Fifth Circuit has approved the lodestar approach for awarding attorney's fees in a class action that did not involve a "common fund." *Strong*, 137 F.3d at 848-850. The court, therefore, determines that *Strong* controls the method of awarding attorney's fees in this case.

The determination of a reasonable attorney's fee award involves a two-step process: (a) calculation of the lodestar and (b) determining whether the lodestar should be adjusted upward or downward. *See Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999). In assessing the reasonableness of attorney's fees, the court must determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.

*See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995).

The second step, whether to increase or decrease the lodestar, requires the court to consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to the extent that applicable authority allows them to be considered. *See Cobb v. Miller*, 818 F.2d 1227, 1231-32 (5th Cir. 1987).[3]

While a court is to consider the *Johnson* factors, many of them have been limited significantly or simply may not serve as a basis to enhance a fee award. For example, the first factor, the time and labor required, is necessarily included in the lodestar and cannot be double counted. *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996). Likewise, a court may not use the sixth and seventh factors, whether the fee is fixed or contingent and the time limitations imposed by the client or the circumstances, to enhance a fee. *Id.* at 772. Furthermore, the Supreme Court has significantly restricted the use of the novelty and difficulty of the question; the skill requisite to perform the legal services properly; the experience, reputation, and ability of the attorneys; and the amount involved and the results obtained (the second, third, eighth, and ninth factors) to serve as an independent basis to enhance the lodestar. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565 (1986). Any "[e]nhancements based upon

---

[3] The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Cobb*, 818 F.2d at 1231 n.5 (citing *Johnson*, 488 F.2d at 717-19).

**Memorandum Opinion and Order- Page 5**

these factors are only appropriate in *rare cases* supported by specific evidence in the record and detailed findings by the courts." *Walker*, 99 F.3d at 771-72 (quoting *Albert v. Klevenhagen*, 896 F.2d 927, 936 (5th Cir. 1990) (citing *Delaware Valley*, 478 U.S. at 565)) (emphasis added). Insofar as the quality of representation, which is usually reflected in the reasonable hourly rate, an enhancement or upward adjustment is justified "only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional.'" *Blum v. Stenson*, 465 U.S. 886, 899 (1984) (citation omitted). No such showing has been made in this case. Moreover, Plaintiffs' counsel has produced no evidence that the lodestar for the federal cases does not reasonably compensate counsel for services rendered.

In this case, the court determines that an adequate and reasonable fee results from multiplying a reasonable fee by the number of hours expended (the lodestar). The lodestar is $2,196,017.75. Of the total hours expended, Plaintiffs' counsel attributes twenty percent to the federal litigation. Therefore, with respect to the federal litigation, the lodestar is $439,203.55. The court, therefore, awards Plaintiffs' counsel $439,203.55 in attorney's fees for services rendered in the federal litigation. The state court, however, using a multiplier of 1.54,[4] awarded fees in the amount of $3,371,774.75 for work done in both the state and federal cases.[5] The court cannot "unring the bell" with respect to what the state court has done; however, it will not abdicate its responsibility regarding the issue of attorney's fees with respect to the federal cases. The state court

---

[4] From what the court can ascertain, no reasonable analysis or methodology was used to arrive at the 1.54 multiplier or enhancement; it appears to have been used to make the state court's award of attorney's fees and expenses "fit" the amount predetermined by the parties.

[5] The state court awarded fees and expenses of $3.5 million. Of this amount, $3,371,774.75 was for attorney's fees and $128,225.25 was for expenses.

**Memorandum Opinion and Order- Page 6**

had no jurisdiction to make an award of attorney's fees with respect to the four federal cases, and this court **voids** the action of the state court in this regard. Under the approach used by the state court, the federal portion of this award totals $674,354.95 (twenty percent of $3,371,774.75). This award is $235,151.40 above what the court deems reasonable. Accordingly, the court **orders**, if the attorney's fees have already been disbursed, that Plaintiffs' counsel remit the sum of **$235,141.40** to Energy Future Holdings Corp. If no payment of fees has been made, Plaintiffs' counsel must state **in writing** to the court by **May 16, 2008**, that the reduction of fees in the amount of **$235,151.40** is acceptable to them. Once the court receives written documentation and verification that one of these conditions has been satisfied, it will approve the Settlement Agreement.

**It is so ordered** this 9th day of May, 2008.

Sam A. Lindsay
United States District Judge